## McCARTHY v. COUZENS.

1. MUNICIPAL CORPORATIONS—FIREMEN'S PENSIONS—DETROIT CHAR-
TER—QUESTION OF FACT FOR FIRE COMMISSION.

On petition by the widow of a deceased fireman of the city
of Detroit to the fire commission for a pension under
section 442 of the charter of said city, the question for
determination was whether plaintiff's husband, while in
the discharge of· his duties, received injuries which
resulted in his death within one year thereafter, thus
entitling her to a pension; the question being one of
fact for the judgment and discretion of the commission,
whose function was not ministerial but *quasi*-judicial.

2. SAME—EVIDENCE TO BE CONSIDERED—CONFLICTING STATEMENTS—
ISSUES.

The fire commission in denying plaintiff's petition for a
pension might properly have noted conflicting statements
of plaintiff shown by her petition, supplemental petition,
and letter.

3. SAME—FRAUD NOT TO BE PRESUMED.

Fraud or misconduct of said commission in denying the
pension is not to be presumed.

4. SAME—MANDAMUS—FRAUD—COURT MAY NOT SUBSTITUTE ITS
JUDGMENT FOR THAT OF COMMISSION.

On certiorari to review an order of the circuit judge
compelling the fire commission of the city of Detroit to
grant plaintiff a pension as a fireman's widow under
section 442 of the charter of the city, the judgment
must be reversed, in the absence of any showing that
the previous action of the commission in denying a
pension was fraudulent, arbitrary or capricious; the
court having no right to substitute its judgment or
discretion for that of the commission.

Certiorari to Wayne; Marschner (Adolph F.), J.
Submitted April 5, 1921.    (Calendar  No.  29,519.)
Decided June 6, 1921.

On nature and circumstances of injury as affecting right to
share in pension or insurance fund for policemen or firemen,
see note in 20 L. R. A. (N. S.) 1176.

Mandamus by Catherine McCarthy to compel James Couzens and others, constituting the pension committee of the fire department of the city of Detroit, to grant a pension. From an order granting the writ, defendants bring certiorari. Reversed.

*Clarence E. Wilcox*, Corporation Counsel, and *James H. Lee*, Assistant Corporation Counsel, for appellants.

*Guy A. Miller*, for appellee.

CLARK, J. Michael J. McCarthy died of lobar pneumonia on July 10, 1915. He was then, and for many years had been, a member of the fire department of the city of Detroit.

Respecting pensions, section 442 of the city charter provided:

"In case any person in the employ of the fire commission of said city of Detroit shall be killed while in the discharge of his duty or shall receive injuries which result in his death within one year thereafter, the widow first, or children, if there is no widow, and if such person shall leave no widow nor children, then mother of such person, if dependent upon him for support, shall by vote of the fire commission be paid a pension. The widow or dependent mother shall receive the sum of three hundred dollars annually in equal monthly installments of twenty-five dollars each during the term of her natural life or until she remarries, in which case all payments of money under this act to such widow or dependent mother shall cease."

On August 6, 1915, plaintiff, the widow, wrote a letter to the secretary of the fire commission giving the fact of the death and of the employment of her husband and stated:

"There is no question in my mind but that his death

was directly caused by injuries received while acting in the discharge of his duties as fireman at the Leonard Storage House fire, on November 6th, 1913. He never fully recovered from the effects of these injuries. Under the circumstances it would seem that I, his widow, should be entitled to the usual pension."

On October 8, 1915, plaintiff was advised by the commission by letter that her claim had been considered on October 4th, and denied. Her attention was called to the quoted provision of the charter and she was told that the commission could not grant a pension, the death having occurred more than a year after the alleged injuries. Plaintiff then retained an attorney who on November 23, 1915, filed with the commission a formal sworn petition for pension which petition was later supplemented by another sworn petition filed with the commission on April 8, 1916. We quote from the petition:

"Petitioner further shows unto your honorable commission that said Michael J. McCarthy on or about November 5th, 1913, while engaged in the performance of his duties at what is known as the Leonard Warehouse fire, became sick, sore, lame and disordered, and remained for a great space of time, for upwards of a period of six weeks immediately thereafter, and subsequently returned to his work in the department; that said deceased's physical condition was greatly impaired as a result thereof and his lungs were in a weakened condition so that he was unable to withstand an attack of lagrippe which caused the death of said deceased. Petitioner further shows that said Michael J. McCarthy while in the discharge of his duties on or about the 5th day of July, 1915, contracted a severe cold which later developed into an attack of lagrippe, and which resulted in his death as aforesaid on or about the 10th day of July, 1915."

And from the supplemental petition:

"Your petitioner begs leave to refer to said petition in its entirety, and in addition to the matters set forth in said petition, she desires to present to this honorable body the following matters and things and injuries which materially affected her husband's health, and which sickness and injury subsequently caused his death, as above set forth.

"That on or about the 3d day of May, 1915, while engaged at a fire at Nos. 728 and 732 Chene street, in the city of Detroit, the said Michael J. McCarthy was engaged in said fire for the period of over one and one-half hours, directing his men, and at such time and place aforesaid the said Michael J. McCarthy received injuries to his back, in the nature of a severe wrench, which caused him to spit blood for a long space of time immediately thereafter, and almost continuously up until the time of his death.

"That on or about May 19th, the said Michael J. McCarthy, in his injured condition, continued at his work at an automobile fire on Jefferson avenue between Chene street and Campau avenue, for the space of one quarter of an hour, and that later, on the 31st day of May, he worked at a fire at 647 Larned street, for one half hour, and received injuries at that fire which continued and aggravated the old injury and caused him a great deal of pain and suffering in the spitting of blood continuously.

"That your petitioner further shows that the injuries received in these several fires, immediately prior to his death, really caused his death, and caused his demise, and that he came to his death as a result of these several injuries, and while engaged in the work of the fire department of the city of Detroit, as one of its members."

It is now said in plaintiff's brief here that the supplemental petition "sets up in detail the true claims as to the injury and death." The petition and supplemental petition were heard by the commission on April 20, 1916, at which hearing plaintiff was represented by counsel. The testimony of a number of witnesses was taken. Pension was denied, and plaintiff's coun-

sel so advised by letter of the commission of May 31, 1916, as follows:

"At a meeting of the fire commission, held on the 29th day of May, the supplemental petition filed under date April 8th, 1916, together with the original petition which was filed on November 23d, 1915, as well as the testimony taken at a meeting of the commission held on the 20th day of April, 1916, for a widow's pension for Katherine McCarthy, was acted upon by the fire commission and I am instructed to advise you claim for pension was denied."

The stenographic notes and transcripts of the testimony taken at this hearing are now lost.

Nearly three years later, in March, 1919, plaintiff filed with the pension committee (defendants constituting the same under the present charter) of the fire commission a petition for rehearing. Such petition repeats substantially the averments of the former supplemental petition. The only ground or reason for rehearing suggested is that the finding was erroneous. After consideration and without hearing the petition for rehearing was denied by the defendants as said pension committee. Thereupon in the Wayne circuit plaintiff sought mandamus to compel defendants to place her name upon the pension roll of the city, to vote her a pension in the prescribed sum commencing July 10, 1915, and to draw vouchers accordingly. To the order to show cause defendants answered and denied that plaintiff was entitled to relief and denied the jurisdiction of the court. Replication was filed. The pleadings brought in the proceedings before the fire commission and the pension committee. The court ordered the framing of this issue of fact:

"Did Michael McCarthy die as a result of lobar pneumonia which developed as the result of the injury to his lungs sustained in the month of May, 1915?"

(As to issues of fact on mandamus see *Blickle* v. *Kent Probate Judge*, 211 Mich. 216.)

Testimony of plaintiff, physicians and other witnesses was taken. There was judgment for plaintiff which defendants review here on certiorari.

The question for determination at the hearing by the fire commission on April 20, 1916, was: While in the discharge of his duties did McCarthy receive injuries which resulted in his death within one year thereafter? This was a question of fact for the judgment and discretion of the commission whose function was not ministerial but *quasi*-judicial. The charter provided no appeal from or review of its decision. At the hearing plaintiff was represented by counsel. Five witnesses testified in her behalf. No claim is made that the hearing was not full and fair. It is admitted that her supplemental petition stated her claim as fully as she now states it. But counsel for plaintiff asserts that the action of the commission was arbitrary, capricious, unreasonable and contrary to the established facts in that as to the date of the claimed injuries it held plaintiff to the claimed mistaken and misguided statements of her letter of August 6, 1915, above quoted. But this is refuted by the record. The finding of the commission was based upon the petition, supplemental petition and the testimony taken. See letter of commission of May 31st, above quoted. The commission might properly have noted and doubtless did note the conflicting statements of plaintiff shown by her petitions and letter. The testimony then taken is not before us. But fraud or misconduct is not to be presumed. And it is significant that in the trial below, after the evidence was in, the question was still debatable, still an issue of fact.

In passing upon the issue of fact before the commission at its hearing of April 20, 1916, its action is not shown to have been fraudulent, arbitrary or cap-

ricious. In the absence of such showing the action of the commission must be deemed final and we have no right to interfere by mandamus, no right to substitute our judgment or discretion for that of the commission. And in the absence of such showing it was not the duty of the defendants, pension committee, to grant a rehearing. 21 L. R. A. (N. S.) 583; *State, ex rel. Lynch, v. Board of Trustees,* 117 La. 1071 (42 South. 506, 8 Ann. Cas. 945); *United States v. Scott,* 25 Fed. 472; *State v. Verner,* 30 S. C. 277; *Manufacturers' & Merchants' Inspection Bureau v. Buech* (Wis.), 181 N. W. 125; 18 C. J. pp. 1134, 1135.

The judgment is reversed with costs to defendants.

Steere, C. J., and Moore, Wiest, Fellows, Stone, Bird, and Sharpe, JJ., concurred.