BEMKE v. CITY OF DETROIT.

1. MUNICIPAL CORPORATIONS—POLICEMEN'S PENSIONS—PROXIMATE CAUSE OF DEATH—QUESTION OF FACT FOR PENSION COMMITTEE.
   On petition of widow of deceased city policeman to the police pension committee for a pension under the city charter, the question for determination was whether plaintiff's husband, while in the discharge of his duties, received injuries which resulted in his death, thus entitling her to a pension; the question being one of fact for the judgment and discretion of the committee, whose function is not ministerial but quasi-judicial (Detroit Charter, title 4, chap. 21, § 19, as amended).

2. SAME—POLICE PENSION COMMITTEE—FRAUD.
   In the absence of arbitrary or capricious action or fraud on the part of police pension committee, acting under provisions of city charter, in denying petition by police officer's widow for pension, a circuit court may not substitute his own judgment for that of the committee, the committee's action being final under such circumstances (Detroit Charter, title 4, chap. 21, § 19, as amended).

3. SAME—POLICE PENSION COMMITTEE—MANDAMUS—EVIDENCE.

On appeal from order of circuit court denying writ of mandamus ordering defendant police pension committee to grant a pension to police officer's widow, evidence *held*, sufficient to sustain committee's denial of petition for pension (Detroit Charter, title 4, chap. 21, § 19, as amended).

4. COSTS—PUBLIC QUESTION—MUNICIPAL CORPORATIONS—POLICEMEN'S PENSION—REHEARING.

No costs are allowed in mandamus proceeding by which widow of deceased police sergeant sought to compel city police pension committee to grant her a rehearing because of its alleged arbitrary, capricious and unreasonable action in denying her a pension, a public question being involved (Detroit Charter, title 4, chap. 21, § 19, as amended).

Appeal from Wayne; Richter (Theodore J.), J. Submitted June 11, 1947. (Docket No. 42, Calendar No. 43,499.) Decided October 13, 1947.

Petition by Anna Bemke against City of Detroit and others for writ of mandamus to compel the payment of a pension. Writ denied. Plaintiff appeals. Affirmed.

*Harry J. Lippman,* for plaintiff.

*William E. Dowling,* Corporation Counsel, and *Nathaniel H. Goldstick,* Assistant Corporation Counsel, for defendants.

BUSHNELL, J. Plaintiff Anna Bemke is the widow of Joseph J. Bemke, who prior to his death on April 5, 1939, was a sergeant in the police department of the city of Detroit, with which he had been connected for approximately 15 years. Believing that his death, following an operation, was the result of injuries received in the line of duty, plaintiff sought a pension under the provisions of the charter of the city of Detroit, title 4, chap. 21, § 19, as amended.

The police pension committee, after considering the matter at various hearings, denied the widow's petition on October 20, 1942. On December 17, 1945, plaintiff requested that the case be reopened and submitted affidavits showing that Bemke had reported to his district inspector sometime during the early part of December, 1937, that while making an arrest he had been severely kicked in the abdomen, resulting in an injury for which medical attention was required. In denying the petition for rehearing "unless something new and definite connecting the bladder and liver condition with the alleged injury could be submitted," the committee stated that it had not questioned the alleged injury but had based its conclusions "entirely upon competent medical testimony," particularly that of the surgeon who had operated upon Bemke shortly before his death. This physician, Dr. Archibald D. McAlpine, signed the death certificate which recites the immediate cause of death as "liver abscess," adding thereto "cholecystitis" as a contributory cause, and contains the dates of three gall bladder operations in 1938. The committee's records include the medical history of Sergeant Bemke, with the details of these operations, together with 12 blood transfusions. This history shows that, after being in the hospital continuously from September 2, 1938 to April 5, 1939, Bemke succumbed to general toxemia from an abscess of the liver.

Following the denial of her petition, plaintiff sought mandamus from the circuit court to direct the pension committee to conduct a rehearing and grant her a pension. She demanded a trial by jury in the circuit court. Defendant city of Detroit and the members of the police pension committee replied to plaintiff's petition, moved to strike the demand for a jury, and sought a judgment on the pleadings

as a matter of law.  The trial judge determined that there was no controverted issue of fact to be decided and that defendants were entitled to a judgment on the pleadings.

The physicians who testified before the committee in behalf of plaintiff stated that Bemke's gall bladder condition could have been the result of an external injury.  One of the physicians, Dr. G. K. Glasgow, admitted, however, that he had never seen Bemke and was basing his conclusion entirely upon the case history as reported to him by others.  Dr. W. C. Wood, chief physician of the police department, reported in detail regarding the facts leading up to Bemke's death, and stated that in his opinion it was the result of natural causes.  Dr. McAlpine reported as follows:

"Officer Joseph J. Bemke was admitted to Harper Hospital March 5, 1938; was discharged May 14, 1938 and readmitted to Harper Hospital September 2, 1938, where he was under treatment until his death on April 5, 1939.

"Officer Bemke was first admitted with a diagnosis of acute gall bladder disease and upper respiratory infection for which he was treated for one week in preparation for a gall bladder operation. At operation he was found to have acutely inflamed gall bladder containing stones.  The operation consisted of removing these and the gall bladder.

"Officer Bemke had a difficult convalescence complicated by pneumonia.  He was discharged from the hospital May 14, 1938, and re-entered September 2, 1938, with a biliary fistula.  This did not respond to treatment and the patient became progressively worse developing liver damage and abscess to which he succumbed.

"The illness of officer Bemke was acute gall bladder infection complicated by liver infection and

abscess and in my opinion was not the result of any accident or injury.''

Plaintiff contends on appeal that the trial court erred in dismissing her petition for mandamus, because the record discloses that the action of the committee was ''arbitrary'' or ''capricious,'' and she urges that she was entitled to a jury's determination of this fact. Defendants point out, however, that the charter of the city of Detroit makes no provision for appeal or review of pension applications by the courts and that courts have no jurisdiction to set aside the factual findings of a police pension committee where there is substantial evidence in support thereof. They contend that they were entitled to a judgment under the provisions of Court Rule No. 30, §7 (1945).

Section 19, *supra,* of the charter of the city of Detroit reads in part as follows:

''Whenever any member shall be killed or die from the effect of injuries received while in the performance of duty, the widow and children, if any, * * * of any member who has been killed or has died, since October 1, 1924, from the effect of injuries received while in the performance of duty, shall by vote of the police pension committee herein provided be paid a pension.''

The portions deleted from the above have to do with pensions to others than a widow.

A comparable charter provision in effect in 1915 was construed in a mandamus action, *McCarthy* v. *Couzens,* 214 Mich. 501, where the Court said:

''The question for determination at the hearing by the fire commission on April 20, 1916, was: While in the discharge of his duties did McCarthy receive injuries which resulted in his death within one year thereafter? This was a question of fact for

the judgment and discretion of the commission whose function was not ministerial but *quasi-*judicial. The charter provided no appeal from or review of its decision.''

In that case, as in the instant one, no claim was made that the hearing was not full and fair, yet it was asserted that the action of the commission was arbitrary, capricious, unreasonable and contrary to the established facts. This Court further said in that case:

"In passing upon the issue of fact before the commission at its hearing on April 20, 1916, its ac-'tion is not shown to have been fraudulent, arbitrary or capricious. In the absence of such showing the action of the commission must be deemed final and we have no right to interfere by mandamus, no right to substitute our judgment or discretion for that of the commission.''

In the recent case of *Nyman* v. *Detroit Police Pension Committee,* 302 Mich. 520, 525, we said:

"We shall not discuss the testimony except to state that it fully sustains the committee in its third and final denial of plaintiff's petition for a pension. The committee was neither arbitrary nor capricious, nor did it act fraudulently, in coming to its determination. Notwithstanding this fact, the trial judge on reading the transcript of the testimony taken before the committee issued a writ of mandamus ordering the committee to grant a pension. He took upon himself the performance of the duties of the committee and substituted his own judgment for that of the committee. This, of course, he had no right to do. The determination of the committee, being neither arbitrary, capricious nor fraudulent, was final.''

There is sufficient testimony in the instant case to support the findings of the committee and nothing

has been shown in this record to justify the conclusion that its action was arbitrary, fraudulent or capricious. We are controlled by the rule stated in the *McCarthy* and *Nyman Cases.*

The trial judge did not err in denying plaintiff's petition for mandamus. The order denying the petition for writ of mandamus is affirmed, but without costs, a public question being involved.

CARR, C. J., and BUTZEL, SHARPE, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred.