CRARY v. MARQUETTE CIRCUIT JUDGE.

1. APPEAL AND ERROR—COMMON-LAW RIGHTS.
   The right of appeal from the judgment of a justice of
   the peace to the circuit court of a county in a prosecution
   for violation of a city ordinance did not exist at common
   law.

2. MUNICIPAL CORPORATIONS—HOME-RULE ACT—MARQUETTE CHAR-
   TER—ORDINANCES—JUSTICES OF THE PEACE—JUDGMENTS—RIGHT
   OF APPEAL.
   The home-rule act (Act No. 279, Pub. Acts 1909), § 30 (1
   Comp. Laws 1915, § 3333) providing that in all suits and
   prosecutions arising under the ordinances and charter
   of the city for which such justice is elected the right
   of appeal from such justice's court to the circuit court
   of the county shall be allowed as in case of appeal from
   justices' courts in analogous cases clearly confers the
   right of appeal from a judgment of a justice of the peace
   of a city in a prosecution for violation of an ordinance
   to the circuit court.

3. STATUTES—CONSTRUCTION.
   Where the language of a statute makes its meaning ob-
   scure, it is the duty of the courts to construe it, giving it
   a reasonable and sensible interpretation; but where the
   language is clear and unambiguous it is only for the
   courts to obey and enforce it.

4. MUNICIPAL CORPORATIONS—HOME-RULE ACT—MARQUETTE CHAR-
   TER—CONSTRUCTION OF STATUTES.
   The home-rule act is one of the general laws of the State
   and, under section 36 (1 Comp. Laws 1915, § 3339), no
   city charter adopted pursuant to its provisions may con-
   travene the provisions of such act.

Mandamus by Sarah Crary to compel Richard C.
Flannigan, circuit judge of Marquette county, to va-
cate an order dismissing an appeal. Submitted April
25, 1917. (Calendar No. 27,712.) Writ granted July
26, 1917. Rehearing denied March 28, 1918.

*C. F. Button,* for plaintiff.

*George P. Brown,* for defendant.

FELLOWS, J.  The plaintiff was convicted in justice's court of the city of Marquette of a violation of an ordinance of that city entitled "An ordinance relative to nuisances."  She appealed therefrom to the circuit court for the county of Marquette, where her appeal was dismissed on motion of the city attorney, on the ground that no right of appeal was or is provided by law, and that no right of appeal exists. . To set aside such order she here applies for mandamus.

The city of Marquette is governed by a charter prepared, submitted, and adopted pursuant to the provisions of the "home rule act," so called, being Act No. 279, Public Acts 1909, as amended (1 Comp. Laws 1915, § 3304 *et seq.*).  The right of appeal did not exist at common law.  While it may be true, as contended by plaintiff, that it has been the public policy of the legislative branch of the State government to grant the right of appeal in ordinance cases, as evidenced by the general act for the incorporation of cities of the fourth class (Act No. 215, Pub. Acts 1895, chap. 10, § 12, being section 5622, 2 How. Stat. [2d Ed.] § 3014, 1 Comp. Laws 1915) and the general act for the incorporation of villages (Act No. 3, Pub. Acts 1895, chap. 6, § 10, being section 5983, 3 How. Stat. [2d Ed.] § 2635, 1 Comp. Laws 1915) and the many special acts conferring such right, still we are of opinion that such right must find more substantial foundation than a former expressly declared legislative policy.  Such legislative policy may be of aid, however, in case of doubtful construction; but we do not feel that such is this case.

We do not find it necessary to consider the provisions of the former charters of the city of Marquette, as sections 30 and 36 of the "home rule act" (1

Comp. Laws 1915, §§ 3333, 3339) are controlling of the question. Section 30 of the "home rule act" provides:

"The proceedings in all suits and actions before said justice and in the exercise of the powers and duties conferred upon and required of him shall be according to and be governed by the general laws applicable to justices' courts and to the proceedings before such courts; and in all suits the prosecutions arising under the charter and ordinances of such city the right of appeal or certiorari from said courts to the circuit court of the county, or to any court having jurisdiction, shall be allowed to the parties, or any or either of them, and the same recognizance or bond shall be given as is or may be required by law in case of appeal or certiorari from justices' courts in analogous cases."

The language of this section gives the right of appeal in clear and unambiguous language. In fact, the language is so clear and unambiguous as not to require or permit of construction. Where the language of a statute makes its meaning obscure, it is the duty of the courts to construe, giving it a reasonable and sensible interpretation; but where the language is clear and unambiguous, it is only for the courts to obey and enforce it.

Section 36 of the "home rule act" provides:

"No provision of any city charter shall conflict with or contravene the provisions of any general law of the State."

The "home rule act" is one of the general laws of the State, and charters adopted pursuant to its provisions must square with it. It is not necessary to consider the provisions of the present charter of the city of Marquette. The "home rule act" establishes the right of appeal in ordinance cases for all cities adopting charters pursuant to its provisions; and we find no provisions of the Marquette charter in conflict with or contravening the section above referred to.

It follows that the writ should issue as prayed. The question being a public one, no costs will be allowed.

KUHN, C. J., and STONE, OSTRANDER, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred.

### ON MOTION FOR REHEARING.

PER CURIAM. We determined this case upon what was considered the controlling question and for that reason did not discuss each and all of the questions argued in the briefs of counsel. Defendant now moves for a rehearing and urges the same questions presented before. It will suffice to say that whether we consider the provisions of the old charter of the city of Marquette alone, the provisions of section 30 of the home rule act (Act No. 279, Pub. Acts 1909, 1 Comp. Laws 1915, § 3333) alone, or the provisions of said section of the home rule act in connection with the present charter of the city of Marquette, the right of appeal in ordinance cases exists.

The application for a rehearing is denied, but without costs.