### FORD v. KUEHNE.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT — EMPLOYEE'S ELECTION TO TAKE UNDER ACT GIVES EMPLOYER RIGHT TO RECOVER FROM WRONGDOER.

An injured employee who has proceeded under the workmen's compensation act and accepted from the employer its benefits has elected his remedy, and the employer who has paid compensation under the act is the one entitled to sue the wrongdoer to recover the money expended by him.

2. SAME—POLICEMAN ACCEPTING CITY PENSION DID NOT ELECT TO COME UNDER ACT BUT WAIVED ITS PROVISIONS.

An injured policeman, who chose to accept a pension provided for in the city charter in lieu of the compensation provided for in the workmen's compensation act, as he had a right to do under Act No. 173, Pub. Acts 1921, amending same, did not thereby elect to come under the act, but, instead, waived its provisions; "pension" and "compensation" not being synonymous terms.

[1]Workmen's Compensation Acts, C. J. § 169; [2]Id., C. J. § 168; L. R. A. 1916A, 360; L. R. A. 1917D, 98; L. R. A. 1918F, 524; 19 A. L. R. 766; 27 A. L. R. 493; 37 A. L. R. 838; 28 R. C. L. 834; 4 R. C. L. Supp. 1874; 5 R. C. L. Supp. 1583; 6 R. C. L. Supp. 1768.

3. SAME — POLICEMAN ACCEPTING CITY PENSION NOT PRECLUDED
   FROM SUING WRONGDOER.
   An injured policeman who elected to accept a pension
   under the city charter rather than compensation under
   the workmen's compensation act as authorized by Act
   No. 173, Pub. Acts 1921, amending same, was not thereby
   precluded from maintaining an action against the wrong-
   doer.

Error to superior court of Grand Rapids; Verdier
(Leonard D.), J.    Submitted January 11, 1928.
(Docket No. 140.)    Decided June 4, 1928.

Case by George Ford against F. Louis Kuehne for
personal injuries.    Judgment for defendant on a
directed verdict.    Plaintiff brings error.    Reversed.

*Roman F. Glocheski* and *W. J. Gillett*, for appellant.

*Payne & Payne* (*Thomas W. Payne*, of counsel), for
appellee.

FELLOWS, J.    The testimony introduced on behalf
of plaintiff tends to show: that he is a policeman of
the city of Grand Rapids; while in the discharge of
his duty, and while pursuing on a motorcycle a law
violator, he was run into and seriously injured by
defendant's automobile, which attempted to turn into
a private driveway without giving any signal or notice
of such intention; that, under the charter and ordi-
nances of the city, he was entitled to and was paid a
pension for the time of disability; that he was not paid
compensation under the workmen's compensation act
nor did he file any claim with or take any proceedings
before the department of labor and industry asking
compensation under the act.    At the close of this proof
defendant moved for a directed verdict on the ground
of contributory negligence and for the further reason
that plaintiff had been compensated under the work-

men's compensation act and could not recover against both employer and the wrongdoer, and had elected his remedy. The trial judge was not impressed with the claim of contributory negligence, but accepted defendant's contention that the pension was the same as compensation under the act and its acceptance precluded the maintenance of this suit against the one responsible for the injury by the one suffering the injury, and that the provision of the act inhibiting proceeding against both was applicable to the instant case.

, We can not say as matter of law that plaintiff was guilty of negligence contributing to the injury so as to preclude maintenance of this action. Our discussion will, therefore, be limited to the reason which was the basis of the action taken by the learned trial judge in directing a verdict for defendant.

Irrespective of what had been said in cases which preceded it, *City of Grand Rapids* v. *Crocker*, 219 Mich. 178, must be accepted as settling the proposition that one who had proceeded under the act and accepted from the employer its benefits had elected his remedy, and the employer who had paid compensation under the act was the one entitled to sue the wrongdoer to recover for the money expended by him. Having paid to the employee compensation for an injury caused by a third person, the employer was by the terms of the act entitled to be reimbursed by such third person. That conclusion was reached by reason of the provisions of the act and its interpretation then indulged in by this court. As construed by us the act so provided. We are now asked to go much further and to hold that the acceptance of a pension by a city employee is the same thing as receiving compensation under the act, and, although no such provision is found in the act, we should read it into it and by construction hold that the employer can sue the wrongdoer to re-

cover the pension paid and the injured employee can not sue for his damages.

The act as originally passed put city employees within its terms. It did not deal with pensions. However, the legislature of 1921 took note of the fact that in some cities pension systems were in operation, and section 7 of part 1 of the act was amended (Act No. 173, Pub. Acts 1921 [Comp. Laws Supp. 1922, § 5429]) and the following provisos were enacted:

"*Provided, however,* That policemen or firemen or employees of the police or fire departments, or their dependents in municipalities or villages of this State having charter provisions prescribing like benefits, may waive the provisions of this act and accept in lieu thereof such like benefits as are prescribed in such charter, but shall not be entitled to like benefits from both: And *provided further,* That nothing contained in this act shall be construed as limiting, changing or repealing any of the provisions of any charter of any municipality or village of this State relating to any benefits, compensation, pensions, or retirement, independent of this act, provided for employees as hereinbefore defined."

Plaintiff chose to accept the pension provided for in the charter and ordinance of the city. By so doing he waived the provisions of the act. To sustain defendant's contention would necessitate a holding that by accepting the provisions of the charter and ordinance for a pension, plaintiff elected to come under the act. The construction contended for by defendant is untenable. It is based, and must be based, on the theory that "pension" and "compensation" are synonymous and that the use of either word included the other. No authorities are cited to sustain such contention, and such as we are able to find in the time at our disposal are to the contrary. In *Dickey* v. *Jackson,* 181 Iowa, 1155 (165 N. W. 387), it was said:

"The words 'pension' and 'compensation' are not synonymous, nor are the plan and purpose which underlie the workmen's compensation act necessarily identical with those which induce the establishment of a pension fund. The latter is ordinarily a gratuity from the government, or some of its subordinate agencies, in recognition of but not as payment for past services; though, when provided as part of a scheme of employment, it would seem to include some elements of a contractual character, and is doubtless intended to encourage faithfulness of service. On the other hand, workmen's compensation acts are intended to secure to the injured employees a money allowance, which shall to some degree pay to employees compensation for the loss or damage to which their injuries in the master's service have subjected them. The purposes of the case before us do not require us to attempt solution of the difficult question of how far statutes dealing with these subjects may both stand, and the benefits of both be enjoyed by the same individual. It would seem, however, under familiar principles, that, if there be no express repeal of the earlier statute, and no demonstrable inconsistency between such statute and one of a later enactment, both must be given effect according to their terms."

In *Kelly* v. *Railway Co.*, 53 Scot. L. R. 53, the court concluded from an examination of the papers submitted that the payments made by the municipality were not made as compensation under the workmen's compensation act but were made to tide the plaintiff over until he could try his lawsuit, and it was held they did not defeat his right to recover against the wrongdoer. In *Hornburg* v. *Morris*, 163 Wis. 31 (157 N. W. 556), the plaintiff, a fireman, had been injured and had drawn the pension provided for by an ordinance of the city. He brought suit against the wrongdoer. The trial judge held that he was under the workmen's compensation act and that his claim had by receiving compensation been assigned to the city and he could not recover. The circuit court reversed and its decision was affirmed by the supreme court; that court

holding that he was not under the act when the accident occurred, and as to the pension it was said:

"The only party, if any, liable for the injury to plaintiff was the defendant. That being so, plaintiff's right to maintain the action against him is not transferred to the city by reason of its paying plaintiff's salary while not on duty."

We are not persuaded that by accepting the pension provided for in the charter and ordinance of the city plaintiff assigned to the city his cause of action against defendant precluding him from maintaining this suit. As against any reason here urged plaintiff is entitled to take the judgment of a jury. The case must be reversed and a new trial granted. Plaintiff will recover costs of this court.

NORTH, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred.

The late Chief Justice FLANNIGAN did not sit.

The late Justice BIRD took no part in this decision.