O'CONNELL *v.* DEARBORN POLICE AND
FIRE PENSION BOARD.

RABIDEAU *v.* SAME.

1 OFFICERS—REVERSAL OF ACTION BY COURTS.

Reversal or disturbance by the courts of an administrative
board's decision is limited to want of jurisdiction, fraud,
bad faith, abuse of discretion, or arbitrariness.

2. MANDAMUS—DISCRETION OF OFFICERS—COURTS.

A court has no right to substitute its judgment or discretion by
way.of a writ of mandamus for' that exercised by an ad-
ministrative board or commission.

3. MUNICIPAL   CORPORATIONS — PENSIONS — CONSTRUCTION — AMBI-
GUITY.

Municipal pension laws, being remedial in nature, should be
liberally construed in favor of the persons intended to be
benefited thereby, ambiguous provisions being so construed,
if reasonably permissible, to give vitality and efficiency in
the accomplishment of the obvious purposes and objects
sought to be attained.

4. SAME—PENSIONS.

A judicially administered pension fund may be a potent agency
in securing and retaining the services of the most faithful
and efficient class of persons connected with municipal serv-
ices in which property owners and residents of a municipality
are most vitally interested.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 42 Am Jur, Public Administrative Law § 206.
[2] 34 Am Jur, Mandamus § 126.
[3] 40 Am Jur, Pensions § 4.
[4] 40 Am Jur, Pensions §§ 13, 16.
[5] 42 Am Jur, Public Administrative Law § 30.
[6] 40 Am Jur, Pensions §§ 23, 40.
[7] 35 Am Jur, Mandamus § 393.

5. SAME—DISCRETION OF OFFICERS.

    The powers of a board, created by a city ordinance, to exercise discretion must be found in the ordinance itself and are subject to its limitations thereon.

6. SAME—FIREMEN—PENSIONS—DISCRETION OF OFFICERS.

    City firemen who had each served more than 20 years were entitled to be placed on pension roll under charter provisions granting firemen the option to retire after such length of service and the police and fire pension board had no discretion to exercise, where no factual issues were presented, hence mandamus to place names of plaintiffs on the roll was properly granted (Dearborn Charter, §§ 21.16, 21.17, 21.28).

7. COSTS—PUBLIC QUESTION—MANDAMUS—PENSIONS.

    No costs are allowed in mandamus proceeding to compel defendant municipal officers to place plaintiffs' names on pension roll, a question of public importance being involved.

Appeal from Wayne; Brennan (John V.), J. Submitted April 15, 1952. (Calendar No. 45,362.) Decided June 27, 1952.

Separate petitions by Thomas R. O'Connell and LeRoy E. Rabideau for writs of mandamus to compel the Police and Fire Pension Board of the City of Dearborn and the City of Dearborn, a municipal corporation, to place them on pension roll. Cases consolidated. Writs granted. Defendants appeal. Affirmed.

*Kassoff & Young* (*Norman W. Stern,* of counsel), for plaintiffs.

*Dale H. Fillmore* (*Robert E. Childs,* of counsel), for defendants.

REID, J. The separate petitions of the 2 petitioners have been consolidated for the purpose of consideration on this appeal. Each petitioner petitioned the circuit court for a peremptory writ of

mandamus requiring defendant board to meet and approve of his petition filed with the defendant board for the purpose of placing him on service retirement annuity or "pension roll" of the defendant city.

Each petitioner claims and defendants admit that he had served over 20 years of creditable service as fireman in the employ of defendant city.

The only question in this case is whether the defendant board is vested with discretion and on what grounds to grant or to deny the applications of plaintiffs who are eligible for retirement so that each petitioner "shall receive [or not receive] a service retirement annuity."

At the first meeting of defendant board at which plaintiffs' petitions were considered, it seems that not all members were present, but at a later meeting held October 9, 1951, all members were present, but the petitions were not approved by the required majority.

The sections of the amended charter of the city of Dearborn which are of importance in determining the issue in this case are as follows:

"Sec. 21.16. Each trustee shall be entitled to one vote in the meetings of the board. Five members of the board shall constitute a quorum. At least 5 concurring votes shall be necessary for a decision by the trustees at any meeting of the board. The members of the board shall serve without additional compensation.

"Sec. 21.17. The mayor of the city shall be ex-officio chairman of the board, and the mayor pro tem shall be ex-officio vice-chairman. The board shall adopt its own rules of procedure and shall keep a record of its proceedings. The board shall hold meetings regularly, at least 1 in each month, and shall designate the time and place thereof. All meetings of the board shall be public. * * *

"Sec. 21.27.   (a) Any member in service may file with the board his written application for retirement setting forth on what date not less than 30 days nor more than 90 days subsequent to the execution and filing thereof he desires to be retired; provided that the said member at the time so specified for his retirement shall have 20 or more years of creditable service as a policeman or fireman in the employ of the city.

"(b) Any member who has attained age 60 shall be retired forthwith, or on the first day of the calendar month next succeeding that in which the member shall have attained age 60.   On recommendation of the department head, the board may continue such a member in service for periods not to extend beyond the attainment of age 65.   This paragraph shall not apply to any member until 5 years from the effective date of this charter amendment.

"Sec. 21.28.   Upon retirement from service according to the provisions of section 21.27 of this chapter, a member shall receive a service retirement annuity equal to 1/50 of his average final compensation multiplied by his total years of creditable service; provided, however, the service retirement annuity of a member or beneficiary shall not exceed 1/2 his average final compensation, or 7/10 of the annual rate of pay received by a patrolman first class, or a fireman first class, whichever amount is the lesser."

Defendants' answer to plaintiff O'Connell's petition for mandamus among other things alleges:

"Defendants allege that petitioner O'Connell was on the date of filing said application for retirement 44 years of age, was in excellent health and was in the prime of life; that he had received upwards of 20 years of training in the Dearborn fire department at city expense, and because of these facts the discretion of the defendant retirement board existed whereby the city should not lose the benefit of the investment which it had made in plaintiff O'Con-

nell; that no clear legal right was alleged to be existing in the plaintiff to the relief prayed for and no clear legal duty was alleged to be existing and none in fact existed in the defendants to grant plaintiff's application for retirement; that chapter 21 of the charter of the city does not in any place impose upon defendants the duty of granting retirement to an applicant, but on the contrary, the language is clearly discretionary with the defendant retirement board as to whether the application for retirement will be allowed, particularly when the applicant is strong and able bodied and has ability to continue as an employee of the city."

The trial court in his opinion, among other things, stated:

"Reading the provisions of section 21.27 (a) with a view to a fair meaning of the context of the section itself, as well as in relation to the provisions of the other sections hereinbefore set forth, it seems to the court a fair conclusion that eligibility for retirement of an able bodied policeman or fireman is complete when he has completed 20 or more years of creditable service, and that when he has done so, he has fulfilled all requirements necessary to such eligibility, and is entitled to be retired, unless some special circumstance or event takes his case out of the purview of the section of the charter relative to such retirement. That the board has discretionary power, within limits, is evident from the language of certain provisions of the retirement act itself, more particularly section 21.16. The reason given by defendants for refusal to act favorably in the instant case, namely, the city's investment by reason of its training of a fireman or policeman for a period of 20 years or more, does not seem to the court to rest upon any reasonable basis either in law or equity. When placed against the background of the present case, such claimed reasoning is too shallow to merit credence. Retirement allowance of a pension is controlled by the provisions of the retirement act itself

and not by theories, worthy or otherwise, foreign to a fair construction of the prescribed terms of the act itself.   *   *   *

"To hold that petitioners are not entitled to favorable action by the board for the novel reasons set forth by defendant in his pleadings and in his presentation of the case is, in the opinion of the court, to do violence to the fair intent of the language set forth in section 21.27 (a), and is, in effect, arbitrary and captious to a point bordering on fraud.   The petitioners have fulfilled every requirement set out by the charter.   No emergency or unusual circumstance has been shown to exist.   If, in addition to the 20 or more years of creditable service, a policeman or fireman must also meet some other requirement not mentioned in the retirement act, then, in reason, appropriate language to that effect should be added to the aforementioned policemen's and firemen's retirement act.   In the absence of such language, the board cannot assume that such exists nor can the court supply the deficiency."

"The scope of judicial review is limited and the courts will not review or disturb the decision of the [pension] board except for want of jurisdiction, fraud, bad faith, abuse of discretion, or arbitrariness."   62 CJS, p 1212, citing cases in California, Colorado, Connecticut, Missouri, New York and Ohio.

In *McCarthy* v. *Couzens,* 214 Mich 501, mandamus was sought by the plaintiff in that case, to compel the pension committee of the fire department of the city of Detroit to grant a pension.   We say at pages 506, 507:

"In passing upon the issue of fact before the commission at its hearing of April 20, 1916, its action is not shown to have been fraudulent, arbitrary or capricious.   In the absence of such showing the action of the commission must be deemed final and we have no right to interfere by mandamus, no right to

substitute our judgment or discretion for that of the commission."

In *Nyman* v. *Detroit Police Pension Committee,* 302 Mich 520, in reversing an order of a circuit court granting a mandamus ordering the defendant committee to grant a pension, we say at page 521:

"The committee after a full hearing had determined that the officer did not die from the effect of injuries received in the performance of his duties, and that, therefore, plaintiff was not entitled to a pension."

We further say at page 525:

"We shall not discuss the testimony except to state that it fully sustains the committee in its third and final denial of plaintiff's petition for a pension. * * * The determination of the committee, being neither arbitrary, capricious nor fraudulent, was final."

Eligibility to receive a pension was the issue in dispute in the *McCarthy* and *Nyman Cases.*

By fair implication, if we had found the determination of the committee in the *Nyman Case* or in the *McCarthy Case,* to be arbitrary, capricious or fraudulent, we would not have treated the determination as final. It may therefore be said that our decisions in the *Nyman Case* and *McCarthy Case* are fairly in line with the rule as laid down in 62 CJS, p 1212, above cited.

Plaintiffs cite 3 McQuillin, Municipal Corporations (3d ed), § 12.143 (in part), as follows:

"Pension laws, being remedial in nature, should be liberally construed in favor of the persons intended to be benefited thereby. If a provision is ambiguous and uncertain, the courts will consider the obvious purposes and objects sought to be attained and will construe the language used, insofar as it reasonably

permits, to the end of giving it vitality and efficiency in the accomplishment of such purposes and objects."

"A judiciously administered pension fund is doubtless a potent agency in securing and retaining the services of the most faithful and efficient class of men connected with those arms of the municipal service in which every property owner and resident of the city is most vitally interested." 40 Am Jur, p 972.

The State has recognized the propriety and desirability of fire and police department pensions by the enactment (with later amendments) of CL 1948, § 38.551 *et seq.* (Stat Ann 1949 Rev § 5.3375 [1] *et seq.*). Neither the plaintiffs nor the defendants state any claim that the State statute limits the amendment to the charter of defendant city of Dearborn nor affords a rule for decision of the matter herein litigated.

In *Hubbard* v. *Board of Trustees of Dearborn Retirement System,* 319 Mich 395, we say (per syllabus 1):

"The powers of a board, created by a city ordinance, to exercise discretion must be found in the ordinance itself and are subject to its limitations thereon."

Plaintiffs are not of the age of 60 years and each had the option under section 21.27 of the charter above cited, each having more than 20 years of creditable service as firemen, to apply for retirement under the charter provisions.

The reasons given by the defendant board are not sufficient reasons for refusal of the service retirement annuity.

The charter provisions seem to imply that all employees eligible under those provisions to receive service retirement annuities, shall be treated alike. To hold otherwise would render the retirement funds

subject to personal and political favoritism, which it cannot be considered the voters intended by adopting the charter provisions in question. Such favoritism in the administration of public funds could not be tolerated by the court. The action of defendant board in the instant case must be deemed arbitrary or capricious or the result of insufficient reasons not disclosed in the record. There was no issue of fact as to the eligibility of plaintiffs to receive a "pension."

The trial court ordered the issuance of a writ of mandamus, in each of the 2 consolidated cases, which orders were appealed from by defendants, and are affirmed by us. No costs, a question of public importance being involved.

DETHMERS, BUTZEL, CARR, BUSHNELL, SHARPE, and BOYLES, JJ., concurred.

NORTH, C. J., did not participate in this decision.