ENGEL v YPSILANTI TOWNSHIP

Docket No. 78576. Submitted December 6, 1984, at Lansing.—Decided
   April 2, 1985.

   Plaintiff, Robert Engel, retired from the Township of Ypsilanti
   Fire Department and began receiving a pension. His pension
   benefit was calculated based on his length of service and was
   reduced by the amount of a workers' compensation benefit he
   received as the result of an injury which occurred prior to his
   retirement. Plaintiff brought an action against the township,
   asserting that he should have been given an additional credit of
   three years for time spent as a part-time volunteer prior to
   becoming a full-time member of the fire department and that
   workers' compensation benefits should only be offset against
   the pensions of those retirees on duty disability pensions. The
   Washtenaw Circuit Court, Patrick J. Conlin, J., rejected plain-
   tiff's arguments and dismissed the plaintiff's complaint. Plain-
   tiff appealed. *Held:*

      1. The police and firefighters pension act provides that credit
   shall be given for service as a paid part-time volunteer fire-
   fighter. The evidence presented by plaintiff is inconsistent and
   conflicting on the issue of whether he was paid for his volun-
   teer service. The trial court held that he was not, and that
   finding was not unsupported by the record and not clearly in
   error. The court, therefore, did not err in failing to credit
   plaintiff with the additional three years.

      2. The statutory provision requiring pension benefits to be
   offset by the amount of any workers' compensation benefits
   received is clear and unambiguous. The mere placement of this
   provision under a section of the act entitled "Disability and
   Service-Connected Death Benefits" does not serve to evidence a
   legislative intent to limit the setoff to disability pensions only.

      Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 60 Am Jur 2d, Pensions and Retirement Funds §§ 36, 43, 44.

[2] 60 Am Jur 2d, Pensions and Retirement Funds §§ 52, 53, 64.

   Determination whether firefighter's disability is service-connected
   for disability pension purposes. 7 ALR4th 799.

1. CIVIL SERVICE — FIREFIGHTERS — PENSIONS — VOLUNTEER FIRE-
   FIGHTERS.

   The provision of the police and firefighters pension act regarding
   credit for service performed was intended to include service
   performed by paid part-time volunteer firefighters (MCL 38.554;
   MSA 5.3375[4]).

2. CIVIL SERVICE — FIREFIGHTERS — PENSIONS — WORKERS' COMPEN-
   SATION.

   Any retirement benefit payable under the police and firefighters
   pension act may be reduced by the amount of any workers'
   compensation benefits being received by the retiree; the mere
   placement of the setoff provision in a section of the statute
   entitled "Disability and Service-Connected Death Benefits" does
   not evidence an intent by the Legislature to limit the workers'
   compensation setoff to only those retirees who are receiving
   disability pensions (MCL 38.556[2][f]; MSA 5.3375[6][2][f]).

*Logan & Ashare* (by *Richard Ashare*), for plaintiff.

*Collins & McCormick* (by *Melanie J. Dunshee* and *Michael J. McCormick*), for defendant.

Before: J. H. GILLIS, P.J., and M. J. KELLY and K. N. SANBORN,* JJ.

PER CURIAM. This appeal arises from a lower court interpretation of the firemen and policemen pensions act, MCL 38.551 *et seq.;* MSA 5.3375(1) *et seq.* By stipulation of the parties, this matter was submitted to the lower court on briefs and depositions without oral argument. The case was, however, orally argued on appeal at which time the plaintiff-appellant vigorously disputed the lower court's resolution of the two issues presented.

The trial court made the following findings of fact:

"Robert Engel, plaintiff, retired from the Township of

* Circuit judge, sitting on the Court of Appeals by assignment.

Ypsilanti Fire Department on March 10, 1980. His employment as a full-time regular fireman with the department began in February of 1955 and continued until his retirement.

"Before he was hired as a full-time employee, Engel served as a volunteer firefighter. Engel indicates in his deposition testimony that his volunteer service began some time in 1952. Engel received no pay for any of the duties and activities he undertook while he served as a volunteer.

"When the plaintiff retired in 1980, he had been back on the job for about four months, on a limited duty assignment, following an injury sustained in March of 1978 while fighting a fire. He had also been injured on the job in 1976.

"Plaintiff is at present receiving workers' compensation benefits because of the above-mentioned injuries. He was receiving workers' compensation benefits at the time he retired. The amount of plaintiff's workers' compensation, about $153.00 per week, is being deducted from his pension retirement benefits.

"The defendant township administers its firefighters' pension benefits under the provisions of the Fire and/or Police Department Pension and Retirement Act. Pursuant to Section 11 of the act, the township's voters adopted the act by referendum in April of 1963. The act applies to the retirement benefits of members of the retirement system who began work before the date of its adoption by the township.

"A resolution passed at a regular meeting of the Ypsilanti Township Retirement Board in July, 1980, adopts a policy of awarding volunteer service credits toward retirement, in addition to the statutory pension benefits.

"In a letter dated September 8, 1980, the treasurer of the township apprised Robert Engel of this policy, and set forth the basis for computing credit for volunteer service. Volunteer service credit is awarded for service on actual fire runs, according to a formula using the number of fires the department handled in a particular year, and the number of regular shifts on duty served that year by the pensioner. The township applied the formula to plaintiff's case, and this resulted in an

allowance for 2.25 months to be added to Robert Engel's service credit.

"Engel did not accept the defendant's offer of credit for 2.25 months. He disputes the township's ability to disallow credit for three full years; and he disputes the number of fire runs used in the calculation. Because Engel did not accept the 2.25 months' extra credit, his pension benefits are calculated under the statutorily mandated formula set forth in section 6 of the statute."

On appeal, plaintiff raises the same two issues that were presented to the trial court. Plaintiff first argues that he is entitled to an additional credit of three years for volunteer part-time employment during the years 1952 through 1955. Plaintiff contends that, as a volunteer, he performed a range of firefighting duties for which he received compensation. Defendant responds that plaintiff was not paid for more than 2.5 months of volunteer work. Second, plaintiff argues that the defendant may not deduct workers' compensation payments from his pension because plaintiff does not receive a duty disability pension but rather a regular retirement pension. Defendant responds that the statutory provision authorizing the workers' compensation setoff applies to any pension benefits received and not just to a duty disability pension. The trial court rejected plaintiff's arguments and ruled in favor of the defendant on both issues. We affirm.

I

In *Local 1557, Sterling Heights Firefighters Ass'n, AFL-CIO v Sterling Heights Policeman & Fireman Pension Board,* 70 Mich App 599; 246 NW2d 151 (1976), this Court interpreted MCL 38.554; MSA 5.3375(4), which provides:

"All service performed by members prior to the en-

actment of this act by any city, village or township, including service performed for predecessor townships, shall be computed to the credit of each member so affected."

We held that this provision was intended "to include service performed by paid part-time volunteer fire fighters". 70 Mich App 600. The dispute in this case is whether, and if so to what extent, plaintiff's part-time volunteer services were compensated by the township.

We have reviewed the briefs, depositions, and exhibits submitted by the plaintiff purporting to establish that he was paid for his volunteer service during 1952 through 1954 and we find there is a factual conflict on this issue. Plaintiff's own deposition testimony is internally inconsistent about payment and conflicts with the testimony and exhibits of some of the other witnesses. Plaintiff's attempt to equate his position with that of one Carl Plumley, who was hired prior to 1955 as a full-time janitor and paid for his service, is unconvincing. Based on the conflicting evidence, the trial court expressly found that "Engel received no pay for any of the duties and activities he undertook while he served as a volunteer". We cannot say that this finding is unsupported by the record, GCR 1963, 517.1, nor can we say that we are left with a firm and definite conviction that a mistake has been committed. *Precopio v Detroit,* 415 Mich 457, 462; 330 NW2d 802 (1982). Because the trial court found that defendant was not paid for his volunteer service, the court did not err in finding that plaintiff failed to qualify for three years of additional credit under the rule of *Sterling Heights Firefighters, supra.*

## II

The second issue raised by plaintiff presents a

question of first impression and requires the interpretation of a section of the firemen and policemen pensions act entitling the pension board to reduce retirement benefits by the amount of workers' compensation benefits payable to the retired member. MCL 38.556(2)(f); MSA 5.3375(6)(2)(f) provides in part:

"Amounts paid under the workmen's compensation act of this state to a retired member shall be offset against and payable in place of benefits provided under this act. If the benefits under the compensation act are less than the benefits payable under this act, then the amount to be paid out of the funds of the retirement system shall be the difference between the benefits provided under the compensation act and the benefits provided in this act. Upon the termination of benefits under the compensation act, then and thereafter benefits shall be paid in accordance with this act."

On its face, the terms of this statute are clear and unambiguous. Any retirement benefit payable under the policemen and firemen pensions act may be reduced by the amounts paid in workers' compensation. Plaintiff argues, however, that the placement of this setoff provision under that section of the act entitled "Disability and Service-Connected Death Benefits" evidences an intent on the part of the Legislature to limit setoff to disability pensions only. There is no dispute that, in this case, plaintiff's pension was a regular retirement pension.

An argument similar to plaintiff's contention has merited serious consideration before. Recently, in *Bannan v Saginaw,* 420 Mich 376; 362 NW2d 668 (1984), the Michigan Supreme Court interpreted Saginaw's pension ordinance as allowing for setoff of workers' compensation benefits against only those retirement benefits qualifying as dis-

ability pensions. Once the retiree receiving the disability pension reached age 55 years and began receiving a regular retirement pension, the ordinance precluded any workers' compensation setoff. Thus, the concept of limiting workers' compensation setoff to disability pensions is not wholly without precedent. In *Bannan,* however, the employer's setoff rights were governed by city ordinance. In this case, defendant's setoff rights are afforded by statute and our decision is governed by the clear language of that statute. Admittedly, the insertion of the workers' compensation setoff provision under the section governing disability pensions is misleading. We nevertheless interpret the setoff provision pursuant to the clear and ordinary meaning of its terms, as did the trial court:

"It is clear that this is yet another aid to calculation of the amount of a retired member's benefits. The terms are plain, not open to varied interpretation. The first sentence quoted above refers, not to workers' compensation payments made to a retiree whose benefits are calculated under the formula set out in subsection (2), but, unambiguously, to 'a retired member'. At issue are 'benefits provided under this act,' not only benefits provided under subsection (6)(2). Defendant is correct when it asserts that plaintiff's reading of the sentence would give an interpretation contrary to the way the act is written, in that throughout the act subsections discuss contingencies that are to be understood in terms of the act as a whole, and not merely in the narrow context of the particular subsection.

"Further, plaintiff has not offered any logical reason to support his argument. Indeed, it would be illogical to assume that the Legislature intended the setoff provision to apply only to disabled retirees who elect the disability provision for calculation of their benefits. The statute says, there is to be a setoff where a retired member is being paid amounts under the workers' compensation act. This retiree is being paid $153.00 per week under the workers' compensation act. That is the

proper amount which the township is required by the Legislature to deduct from the plaintiff's retirement benefits. No logic could support the opposite conclusion. How could the Legislature have intended double compensation for a disabled retired member who somehow managed to qualify for a normal retirement, but only a single composite compensation for a disabled retiree whose retirement was necessitated by his disability, with no chance to choose a normal retirement?

"Plaintiff has not offered a single argument that could convince this court to reach that conclusion. He only refers to the location of the setoff provision. But where in the statute should the Legislature have placed this provision instead? Most cases involving workers' compensation payments will also involve a disability retirement that could not have been avoided by the retired member. The section is not well organized. The placement of the provision is not an implied limitation of the cases to which the provision might apply. No limitation is expressed or implied in the language of the provision for the setoff. The setoff is therefore proper."

We further observe that had the Legislature intended to limit the setoff provision in the manner suggested by plaintiff, it could simply have inserted the term "disability" immediately preceding the term "benefits provided under this act", as was done throughout most of § 6(2). We surmise that the Legislature's omission of the qualifier "disability" was intentional and we thus hold that the pension board may deduct workers' compensation benefits from any retirement pension payable under the policemen and firemen pensions act.

Affirmed.